12-5095-cr
*USA v. Maldonado*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand fourteen.

PRESENT:  RALPH K. WINTER,
          RICHARD C. WESLEY,
          SUSAN L. CARNEY,
                              *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*

          -v.-                              No. 12-5095-cr

ANTONIO GUERRERO AKA Tony,
OMAR FLORES, JOHNNY CEDENO,

                    *Defendants,*

1

EDWIN MALDONADO,

                    *Defendant-Appellant.*

_____

FOR APPELLANT:     JANE FISHER-BYRIALSEN, Fisher, Byrialsen & Kreizer
                   PLLC, New York, NY.

 FOR APPELLEE:     LAURIE A. KORENBAUM, Jennifer G. Rodgers,
                   AUSA *for* Preet Bharara, U.S. Attorney for the Southern
                   District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of

New York (Robert W. Sweet, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Edwin Maldonado appeals from a judgment of

conviction and sentence entered on December 14, 2012, in the United States

District Court for the Southern District of New York (Robert W. Sweet, *Judge*)

following a jury trial.  The jury convicted Maldonado of the intentional murder

of Leonard Overman committed with the use of a firearm, conspiracy to commit

the murder-for-hire of Genero Rodriguez, which resulted in the death of Carmen

Diaz, and other crimes related to Diaz's murder.  On appeal, Maldonado argues

that the government impermissibly vouched for one of its witnesses on rebuttal,

thus depriving him of a fair trial.  He also argues that the district court erred

2

under the standards set forth in *Miller v. Alabama*, in sentencing him to life imprisonment, as he was a minor at the time he committed the murders. 132 S. Ct. 2455 (2012). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.[1]

As this Court has repeatedly stated, "'[t]he government has broad latitude in the inferences it may reasonably suggest to the jury during summation.'" *United States v. Zackson*, 12 F.3d 1178, 1183 (2d Cir. 1993) (quoting *United States v. Casamento*, 887 F.2d 1141, 1189 (2d Cir. 1989)). Accordingly, a defendant asserting that a prosecutor's remarks warrant a new trial "face[s] a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of [his] right[ ] to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir. 1993). In evaluating whether a defendant has met this heavy burden, the Court considers three factors: "(1) the severity of the misconduct; (2) the measures adopted to cure it; and (3) the certainty of conviction in the absence of the misconduct." *United States v. Ferguson*, 653 F.3d 260, 284 (2d Cir. 2011) (internal quotation marks omitted); *accord United States v. Spinelli*, 551 F.3d 159, 170 (2d Cir. 2009). A defendant is entitled to relief only if he can show "that the

---

[1] We review conclusions of law *de novo*. *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 135 (2d Cir. 2008).

3

comment, when viewed against the entire argument to the jury, and in the context of the entire trial, was so severe and significant as to have substantially prejudiced him." *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) (internal quotation marks and citations omitted).

Here, Maldonado argues that the prosecution's statements were misconduct and that the government was impermissibly "vouching" for witnesses. But, under *Spinelli*, the government's statements, even if considered misconduct, were harmless when tempered by the district court's explicit and multiple jury instructions to correct the error, and when viewed in light of the overwhelming evidence against Maldonado.

With respect to Maldonado's sentencing challenge, we review sentences under an abuse of discretion standard for procedural and substantive reasonableness. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Though mandatory life imprisonment sentences for minors are unconstitutional, there is no *per se* foreclosure of a life sentence without the possibility of parole for a juvenile convicted of murder. *See Miller*, 132 S. Ct. at 2469. The district court properly considered all of the *Miller* factors; Maldonado's repeated history of violent aggression after the age of majority, including a murder and attempted

4

murder; and other mitigating factors under 18 U.S.C. § 3553(a) in sentencing Maldonado.

We have considered all of Defendant-Appellant's remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

<div style="margin-left:45%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>